REISING *v.* UNIVERSAL CREDIT Co.

(Decided April 1, 1935.)

*Messrs. Hall, Castellini, Frey & Jackson,* for plaintiff in error.

*Messrs. Broeman & Gallagher* and *Mr. Preston E. Garrison,* for defendant in error.

HAMILTON, J. This action for conversion was instituted by the Universal Credit Company against John Reising, seeking to recover the value of an automobile. Judgment was rendered in favor of Reising, the defendant, in the Municipal Court. On error to the Court of Common Pleas of Hamilton county that court reversed the judgment of the Municipal Court and remanded the case. From that judgment of reversal Reising prosecutes error to this court, seeking a reversal of the judgment of the Common Pleas Court and an affirmance of the judgment of the Municipal Court.

The facts briefly stated are as follows: The automobile was sold in the state of New York by Ringgard Motors, a resident of the state of New York, to William H. Chase, a resident of the state of New York. Chase executed a conditional sales contract, as a part of the purchase agreement. The conditional sales contract was executed in accordance with the provisions of the New York personal property law, and was filed in accordance therewith. The automobile was in New York at the time of the execution of the sales contract. The plaintiff below, defendant in error here, became the owner of the sales contract by assignment. No affidavit was attached to the sales contract, and is not required under the laws of the state of New York. Later, the car was removed to the state of Ohio without knowledge or consent of vendor, and was sold to Reising, who had no knowledge of the existence of the sales contract. Reising later sold the car in California. Nothing was paid on the conditional sales contract, there being a complete default under the terms of the contract. Thereupon, plaintiff, the Universal Credit Company, instituted this action in the Municipal Court against Reising for conversion of the automobile.

The sales contract did not comply with the laws of Ohio relating to conditional sales contracts, in that no

affidavit was attached. It is claimed that by reason thereof the conditional sales contract is of no force, and is, therefore, not enforceable in the state of Ohio under the rule of comity.

The question is: Will the courts of Ohio grant relief under an instrument executed under the laws of another state, and in conformity therewith, which does not in all its terms comply with the laws of Ohio?

We are of opinion that the rules of law laid down in the case of *Kanaga* v. *Taylor*, 7 Ohio St., 134, 70 Am. Dec., 62, are applicable to the case under consideration. The difference in the *Taylor case* and the case here under consideration only goes to the character of the instrument. In the *Taylor case* it was a chattel mortgage. In the case under consideration it was a conditional sales contract. In the *Taylor case* the mortgage was executed between residents of New York and concerned property located in New York. The mortgage was to secure unpaid installments. Afterwards, the mortgagor removed to Ohio, taking with him the chattel without the knowledge or consent of the mortgagee, and there made a sale of it to a third party. The Supreme Court held in the *Taylor case* that an action by the mortgagee would lie in this state to recover the value of the property from the purchaser, although he may have bought it without knowledge of the mortgage lien. This rule has never been changed or modified by any reviewing court. It is true it has not in effect been followed by two Common Pleas judges in two suits in this state. They cannot be considered as authority.

Our conclusion is that a conditional sales contract valid in New York, complying strictly with the laws of New York, between New York parties concerning property located in New York, and afterwards removed to Ohio without the consent or knowledge of the seller or his assignee, will be enforced in this state, and the present action will therefore lie.

The Court of Common Pleas was correct in reversing the judgment of the Municipal Court, and the judgment of the Court of Common Pleas is therefore affirmed.

*Judgment affirmed.*

Ross, P. J., and MATTHEWS, J., concur.