MOCK, Plaintiff-Appellant v. KAFFITS, Chief of Police et, Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 3730.   Decided September 20, 1944.

**526**

Power & Barton, Columbus, for plaintiff-appellant.
Hale & Kincaid, Columbus, for defendants-appellees.

SHERICK, J., of the Fifth District, sitting by designation in place of BARNES, P. J.

## OPINION

By SHERICK, J.

This is an appeal by plaintiff on question of law from a judgment of the Municipal Court of Columbus. The action is one in replevin of an automobile. The contest is between plaintiff and the true appellee-defendant, Pennsylvania Manufacturers Casualty Insurance Company, which by leave of court filed an intervening petition, and was found to be the owner of the automobile in the court of origin. The matter was heard and determined by the court upon an agreed statement of facts. A recitation thereof discloses the source of title and the right to possession upon which the two contestants rely. We quote these agreed facts:

"It is hereby stipulated and agreed between the parties hereto, by their respective attorneys, that on or about the 23rd day of November, 1942, a 1941 Mercury sedan automobile, motor number 99A343016 was stolen from Pittsburgh, Pennsylvania. It is further agreed that R. G. Kaveny held a Pennsylvania certificate of title to the above-described automobile and was the owner of said automobile.

"Ten days prior to the theft the local Ration Board No. 2-36 in Pittsburgh had recorded the tires and these tires were on the car at the time of its recovery. The Tire Inspection record shows that the serial numbers of the mounted tires, including the spare, were as follows: 17A-800660, F16-5006D, 5A5-7206D, 26U-2906D, 9H6-5906D. The date of this inspection was November 13, 1944.

"The Pennsylvania Manufacturers' Association Casualty Insurance Company had coverage on the automobile and paid R. G. Kaveny in accordance with the terms of its contract of

insurance and accepted in return a certificate of title to the Mercury sedan coupe. The certificate of title was issued to the Insurance Company above named.

"It is further stipulated that due-registration slips, number 94859, dated January 8, 1942, and purportedly issued by the Commissioner 'of Motor Vehicles of New York, were presented to the Clerk of Courts for Licking County, Ohio, requesting the issuance of an Ohio certificate of title. Thereupon, an Ohio certificate of title was issued in the name of E. J. Randall, certifying title in him to a 1941 Mercury five-passenger coupe automobile, motor number 430684.

"It is further stipulated that for valuable consideration, this Ohio certificate of title was assigned to The Bobb Chevrolet Company in Columbus, Ohio, and that thereafter the automobile was sold to Earl Mock for valuable consideration and The Bobb Chevrolet Company assigned the certificate to Earl Mock and an Ohio certificate was issued to Earl Mock showing title in him to one 1941 Mercury five-passenger coupe automobile, motor number 430684.

"It is further stipulated that the motor number of the automobile subject to this litigation appears both on the cowl and clutch housing as 430684. It is further agreed that a secret number under the body shows the motor number to be 99A343016.

"The automobile subject to this litigation is the automobile which The Bobb-Chevrolet Company purchased and sold to Earl Mock and is the automobile stolen from R. G. Kaveny of Pittsburgh."

Upon this state of facts the trial court found that the Ohio certificates of title, issued to E. J. Randall, The Bobb Company, and to plaintiff, were void ab initio, for the reason that they had been issued through misrepresentation and a fraudulent certificate of title of the State of New York, and that the Pennsylvania certificates of title issued to Kaveny and the appellee-defendant were valid, and that it had title and right of possession to the automobile. Appellant maintains that this judgment is contrary to law and ought to be reversed. It is the judgment of this court that the trial court's judgment must be affirmed for two reasons, which we shall now proceed to demonstrate.

If the chattel in question were other than a motor vehicle, which did not involve the Ohio Certificate of Title Law. §§6290-2

to **6295-2 GC,** inclusive, the problem would be promptly solved by application of the rule that stolen property is recoverable from an innocent purchaser so long as it is susceptible of identification. Appellant recognizes this ancient rule but counters with the claims that the Certificate of Title Act changes all this. He says that he is the only Ohio certificate of title holder, and being an innocent purchaser for value, the title which he holds constitutes conclusive evidence of his ownership and right to possession. He advances that portion of §6290-4 **GC,** which prescribes that:

"No court in any case at law or in equity shall recognize the right, title, claim or interest of any person in or to any motor vehicle, hereafter sold or disposed of, or mortgaged or encumbered, unless evidenced by a certificate of title or manufacturers' or importers' certificate duly issued, in accordance with the provisions of this chapter."

Appellant therefrom maintains that the Certificate of Title Act conclusively determines which of two innocent parties is to be protected and which must suffer. Appellant admits that the coupe was stolen; that the thief or another subsequently possessing the car through misrepresentation and fraud procured or fabricated New York evidence of title, which one E. J. Randall caused to be presented to the Clerk of Licking County as New York proof of ownership and by means thereof caused an Ohio certificate of title to be issued in that name by an agent of the State Registrar of Automobiles. It is therefore clear that theft, misrepresentation and fraud surround the conception of plaintiff's source of title. And this is true even though he be an innocent purchaser for value. The direct opposite is true of Kaveny's and appellee-defendant's source of title.

Just what was the purpose of the Certificate of Title Act? The answer is found in **Finance Co. v Munday, 137 Oh St 504, at page 521,** wherein Judge Turner states that "the very purpose of the law is to protect ownership against fraud". If plaintiff's theory be adopted it must be perceived that the avowed purpose of the Act is frustrated. It becomes a shield to the thief's criminal act and stamps with the law's approval the source of title which flows from him. It would surely follow that Ohio might be made the dumping ground for stolen cars.

**Section 6290-5 GC** provides in part that a clerk of the courts may issue certificates of title upon proof of title and ownership of a motor vehicle coming from without the state and not previously registered in this state. Such proof shall be presented to and filed with the application for title certificate. That officer is charged with exercising reasonable diligence.

**Section 6290-8 GC** confers express power upon the Registrar of Motor Vehicles "to cancel certificate of title improperly issued for stolen or converted motor vehicles, and by appropriate action one entitled to a certificate of title may procure it". We quote from the concurring opinions of Judge Matthias; see the **Munday case, supra, page 523**.

It becomes apparent from the excerpts of the Act noted that it was not intended to clothe an Ohio title holder with immunity from attack in every instance. If the certificate was improperly issued upon false representations, it is void ab initio as if said in the **Munday case; see page 521**. There can be no question but that Randall presented falsely procured New York evidence of title, to the Clerk of Courts of Licking County, and this is the source of plaintiff's Ohio evidence of title. If plaintiff is to prevail he must do so on the strength of his own title. And if that evidence of title has been procured through fraud and deception, a subsequent innocent title holder for value, whose title arises therefrom, can have no greater solemnity than the source from which it springs.

Our second reason for affirmance of the judgment is a simple one. The stipulated fact is that plaintiff-appellant holds a certificate of title on a 1941 Mercury five-passenger coupe automobile, motor number 430684. It may be that such car exists. It is stipulated that appellee's Pennsylvania certificate of title covers a like car numbered 99A343016, and that this motor number properly designates and describes the car in question. It follows that the appellee has the only certificate of title upon the motor vehicle in question. The fact that the thief has defaced the correct motor number in two places and substituted a fictitious motor number in its place cannot change the car's true motor number, any more than a heart becomes a spade just because it is so denominated.

HORNBECK and GEIGER, JJ., concur.