Commercial Credit Corp., Appellant, *v.* Reising, Appellee.

(No. 7648—Decided December 21, 1953.)

*Messrs. Matthews & Matthews,* for appellant.
*Mr. Milton B. Schott,* for appellee.

Conn, J. This action in replevin was brought in the Common Pleas Court by plaintiff to recover possession of a motor vehicle. The court found that the right of property and possession was in the defendant, and judgment was entered accordingly.

The facts were stipulated by the parties. From the stipulation it appears that one Jack Rogers, on February 18, 1949, purchased a Buick automobile from Capital Lincoln-Mercury, Inc., Tallahassee, Florida, and as part of the purchase price executed a conditional sales agreement to the seller in the amount of $1,193.50, payable in installments, and that on February 19, 1949, the Motor Vehicle Commission of the state of Florida issued a certificate of title to Jack Rogers for the Buick automobile and thereon designated that plaintiff,

Commercial Credit Corporation, had a lien on the automobile in the amount of $1,393.50 which, under the law of Florida, gave plaintiff the first and best lien thereon.

It was stipulated also that the defendant, Reising, had purchased such automobile in good faith and for a valuable consideration from the Walter E. Schott Company of Cincinnati, Ohio; that at the time of the purchase thereof, a certificate of title was issued to him by the Clerk of Courts of Hamilton County; and that the alleged lien of plaintiff was not noted on such certificate of title.

It was stipulated further that the Walter E. Schott Company had purchased the automobile from one Ellis, that there was issued to such purchaser a certificate of title by the Clerk of Courts of Hamilton County, and that the alleged lien of plaintiff was not noted on that certificate of title.

It does not appear in the stipulation to whom Rogers had sold and transferred the Buick automobile, but it was stipulated that Ellis had assigned the certificate of title issued to him by the Clerk of Courts of Franklin County, to the Walter E. Schott Company, which certificate of title did not have designated thereon the alleged lien of plaintiff. Furthermore, no showing or claim is made that the conditional sales contract or the alleged lien of plaintiff was at any time made a matter of record in this state.

It appears further that no issue of fraud was raised on the pleadings or on the facts stipulated by the parties. In other words, in the instant case, the record does not disclose that the defendant's certificate of title was obtained in any unlawful or fraudulent manner. On the contrary, the parties stipulated that defendant had "purchased said automobile in good faith and for a valuable consideration."

The defendant, appellee herein, briefly states the issue raised on the record in this case as follows:

"Will the bona fide purchaser and holder of an Ohio certificate of title to an automobile, upon which certificate there is no notation of an admitted prior duly executed and properly recorded mortgage in accordance with the laws of the state of Florida, prevail in an action of replevin brought by the Florida mortgagee to recover the property?"

The plaintiff, appellant herein, contends that the issue raised on the record is as follows:

"The issue herein involves a constitutional question, that question being whether or not the courts of Ohio must give full faith and credit to the public acts and records of the sister state of Florida."

As already indicated, the plaintiff seeks to have the courts of Ohio give full faith and credit to the public acts of record of the state of Florida, and also to "uphold its equitable ownership and lien of record in Florida."

It is well settled that where the recognition of the full faith and credit clause in a given instance would do violence to the established policy of a state, as expressed in its statutes, such recognition can not be urged and will not be given. It should be noted also that this general rule applies to the application of the principle of comity between the states where, in a given instance, it would contravene the state's settled policy, as expressed in its statutes. *Anderson* v. *Poindexter,* 6 Ohio St., 622; *State Farm Mutual Automobile Ins. Co.* v. *Dull, Commissioner of Ins.,* 324 U. S., 154, 89 L. Ed., 812, 65 S. Ct., 573; 12 American Jurisprudence, 381, Section 707; 13 A. L. R. (2d), 1312, 1338.

We call attention to the statutes of this state, enacted April 28, 1937 (117 Ohio Laws, 373) to prevent the importation of stolen motor vehicles and thefts and

frauds in the transfer of title to motor vehicles, etc., and specificially to Section 6290-4, General Code (Section 4505.04, Revised Code [125 Ohio Laws, 280]). We quote the latter part of this section:

"No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle, hereafter sold or disposed of, or mortgaged or encumbered, unless evidenced by a certificate of title or manufacturer's or importer's certificate duly issued, in accordance with the provisions of this chapter."

Under the express provisions of the statute, the assertion of a claim, right, title or interest of any person in and to a motor vehicle in any court of this state can not be sustained or given any recognition, unless such claim is evidenced by a certificate of title, issued pursuant to its authority. The clear, prohibitory language of the statute is applicable and decisive in the instant case.

However, there appears to be some conflict in the reported cases of this state wherein the above statute has been given application; at least the conclusions reached are not reconcilable or clearly distinguishable on the facts unless the variables are deemed material. As illustrative, we cite the following: *Kelley Kar Co.* v. *Finkler,* 155 Ohio St., 541, 99 N. E. (2d), 665; *Mielke* v. *Leeberson,* 150 Ohio St., 528, 83 N. E. (2d), 209, 7 A. L. R. (2d), 1342; *Associates Discount Co.* v. *Colonial Finance Co.,* 88 Ohio App., 205, 98 N. E. (2d), 848; *Douglas* v. *Hubbard,* 91 Ohio App., 200, 107 N. E. (2d), 884.

We have considered the several assignments of error, urged by plaintiff with much persuasiveness, and also the authorities relied on, and are of the opinion that the alleged errors assigned should not be sustained.

On the record before us and in the light of the clearly-settled policy of this state, a majority of the court is of the opinion that the judgment of thè trial court should be affirmed.

*Judgment affirmed.*

DEEDS, J., concurs.

FESS, J., dissenting. The statutes of Florida relating to the registration of titles to motor vehicles and liens thereon are substantially similar to the statutes of Ohio. There is, therefore, no conflict between the laws of the two states which clashes with the rights of Ohio citizens or the public policy of Ohio. In the *Kelley Kar Co. case*, the plaintiff relied solely upon its reservation of title contained in the conditional sales contract, executed in California. The record failed to disclose whether the conditional sales contract was filed or recorded in any public office in California. In that case, the Supreme Court said:

"Since 'the right, title, claim or interest of' plaintiff 'in or to' the motor vehicle here asserted is not evidenced by 'a certificate of title or manufacturer's or importer's certificate,' that claim of right can not be recognized and plaintiff can not prevail in this action."

In the instant case, the plaintiff predicates its action upon a motor vehicle certificate of title duly issued by the state of Florida on February 19, 1949, as well as its conditional sale agreement. Defendant relies on his Ohio certificate of title, duly issued on April 11, 1949. The record fails to disclose the evidence upon which an Ohio certificate of title was issued to Ellis by the Clerk of Courts of Franklin County without noting thereon the lien of the plaintiff.

It is apparent that the 1937 act "To prevent the im-

portation of stolen motor vehicles and thefts and frauds in the transfer of title to motor vehicles, etc.,'' as amended, was ineffective to prevent a fraud in the transfer of the title to the automobile in the instant case. Since plaintiff's lien noted upon its Florida certificate of title was unreleased, Ellis (defendant's predecessor in title) did not obtain an Ohio certificate of title in accordance with the provisions of the Ohio statute.

Since there is no substantial conflict between the Florida and Ohio acts, and the object and spirit of the Florida act is identical with that of Ohio, it is my conclusion that by the law of comity, the *lex loci contractus* controls, that the lien of the plaintiff is valid and prior in time to the title of the defendant, and that plaintiff should prevail. *Kanaga* v. *Taylor,* 7 Ohio St., 134, 70 Am. Dec., 62.

FESS, CONN and DEEDS, JJ., of the Sixth Appellate District, sitting by designation in the First Appellate District.