OHIO CASUALTY INS. CO., APPELLEE, *v.* GUTERMAN, APPELLANT.

(No. 2267—Decided April 7, 1954.)

*Messrs. Landis, Ferguson, Bieser & Greer,* for appellee.

*Messrs. Herzog & Gallon,* for appellant.

WISEMAN, P. J.   This is an appeal on questions of law from the Common Pleas Court of Montgomery County, which rendered judgment in favor of the plaintiff in an action to replevin an automobile.

The cause was submitted to the court on an agreed statement of facts, which is as follows:

"1. On September 19, 1950, Brady Motors, Inc., an Illinois corporation, was the owner of and held a duly issued Illinois certificate of title to, a 1950 Pontiac two-tone club coupe automobile, motor and serial No. P-8-T-H-4052.

"2. On September 19, 1950, said automobile was stolen from the lot of Brady Motors, Inc., 3738 West 63d Street, Chicago, Illinois.

"3. Pursuant to a contract of insurance with Brady Motors, Inc., the Ohio Casualty Insurance Company paid to Brady Motors, Inc., the sum of two thousand, three hundred fifty-three and 50/100ths dollars

($2,353.50) upon proof of loss of said automobile, and in consideration of that payment, Brady Motors, Inc. duly assigned its title to said automobile to the Ohio Casualty Insurance Company.

"4. Thereafter defendant in good faith purchased the same automobile from John E. Terebist, d. b. a. Veterans Auto Exchange, in Bossier City, Louisiana, who was a person other than the thief and held title through an intermediary purchaser. Defendant brought the automobile into the state of Ohio, and had issued to him an Ohio certificate of title thereto, which defendant held at the time this action was filed.

"5. The value of said automobile at the present time is one thousand, three hundred fifty dollars ($1,350)."

The defendant contends that the judgment is contrary to law. The question presented may be concisely stated as follows: Can plaintiff, holder of a valid Illinois certificate of title to an automobile, maintain an action in replevin in Ohio against defendant, who holds an Ohio certificate of title to said automobile which is derived from a person who stole the automobile from the assignor of the plaintiff?

The issue is determined by proper application of the provisions of Section 6290-4, General Code, which in part provides:

"No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle, hereafter sold or disposed of, or mortgaged or encumbered, unless evidenced by a certificate of title or manufacturer's or importer's certificate duly issued, in accordance with the provisions of this chapter."

It is axiomatic that in a replevin action the plaintiff must rely on the strength of his own title or right to immediate possession, and not on the weakness of

the title or right of possession of the defendant. *Smith* v. *Barrick,* 151 Ohio St., 201, 85 N. E. (2d), 101.

Which has superior title and the right of immediate possession under the facts in this case? This appears to be a case of first impression in Ohio.

At common law, no person can derive title or right of possession from a thief, as against the rightful owner. Does Section 6290-4, General Code, change the rule under the circumstances in this case? Defendant contends that, under this statute, before the plaintiff can maintain the action it must show the possession of a certificate of title issued under the Ohio law; and that since the defendant holds a certificate of title under the Ohio law, the defendant should prevail against the claim of the plaintiff. In support of this proposition defendant cites the following cases: *Mielke* v. *Leeberson,* 150 Ohio St., 528, 83 N. E. (2d), 209, 7 A. L. R. (2d), 1342; *Kelley Kar Co.* v. *Finkler,* 155 Ohio St., 541, 99 N. E. (2d), 665; *White-Allen Chevrolet Co.* v. *Licker,* 51 Ohio Law Abs., 394, 81 N. E. (2d), 232. In the *Mielke case,* plaintiff sued to recover damages to his automobile caused by an automobile collision. The court held that in the absence of the production in evidence of a certificate of title plaintiff could not recover. In the *Kelley Kar Co. case,* a dealer in California sold an automobile to Anderson, reserving title under a conditional sales contract. Anderson took the automobile to Vermont, where it was registered, and later appeared in Ohio where he procured an Ohio certificate of title. The defendant, Finkler, purchased the automobile from Anderson, and an Ohio certificate of title was issued to him. The Kelley Kar Company, the dealer in California, brought a replevin action against Finkler. The court approved the syllabus in the *Mielke case,* and held that the plaintiff could not prevail since its claim

was not evidenced by certificate of title. The court discussed at some length and refused to apply the law of comity. The court, on page 551, discussed the protection given by the courts to an innocent purchaser in such cases. The court said:

"Innumerable cases can be cited wherein one in possession of an automobile and claiming title thereto through purchase in good faith and payment of value therefor was protected against claims based upon instruments executed in a state foreign to the state of the forum. In some instances the decisions were based upon certificate of title laws; in others the courts have held that the one who gave up possession of the automobile together with some indicia of title should suffer rather than a subsequent innocent purchaser for value. The conclusions are not always reached by the same reasoning but the results are the same. * * *

"The General Assembly of the sovereign state of Ohio has declared the policy of this state by enactment of the Certificate of Title Act, containing Section 6290-4, General Code. The appellee has not complied with that law. The appellant has complied with it. Therefore, the appellee cannot prevail and procure possession of the automobile in question."

In the *White-Allen case, supra*, the owner falsely reported a theft, and afterwards sold the automobile, and through several transfers ownership came to the plaintiff dealer, who in turn sold the automobile to a customer. The automobile was taken from the customer as a stolen automobile. The plaintiff dealer refunded the purchase price to the customer, and then sued its vendor for the price paid therefor. The court held that good title was passed in each transaction and that plaintiff could not recover. In our opinion, these cases are not controlling. In the *Mielke* and *Kelley Kar Co. cases*, the plaintiffs were unable to produce valid certificates of title.

The appellee relies on *Mock* v. *Kaffits, Chief of Police*, 75 Ohio App., 305, 62 N. E. (2d), 172, where an automobile was stolen from the owner in Pennsylvania. The insurance company paid the owner for the loss and a certificate of title was issued to the insurance company. Registration papers, purporting to have been issued by the state of New York, were presented in Ohio, and, thereupon, a certificate of title was issued in the name of Randall, who assigned it to a dealer in Columbus, Ohio, which in turn sold it to the plaintiff. It appears that the motor number had been changed and that the plaintiff's certificate of title carried a false number. Plaintiff sought to replevin the automobile from the chief of police. However, the contest was between the plaintiff and the insurance company, which intervened. The trial court found that the Ohio certificate of title issued to Randall was void *ab initio* and that the Pennsylvania certificate of title issued to the insurance company was valid. The Court of Appeals affirmed the judgment. In the opinion by the Court of Appeals, on page 307, the court states that but for the presence of the Ohio certificate of title law, the problem would be promptly solved by the application of the rule that stolen property is recoverable from an innocent purchaser so long as it is susceptible to identification. In that case, the plaintiff contended, as does the defendant in this case, that the certificate of title issued under the Ohio law is conclusive evidence of ownership and right of possession. The court, on page 308, said:

"Just what is the purpose of the Certificate of Title Act? The answer is found in *Automobile Finance Co.* v. *Munday,* 137 Ohio St., 504, 521, 30 N. E. (2d), 1002, wherein Judge Turner stated that 'the very purpose of the law is to protect ownership against fraud.' If plaintiff's theory be adopted, it must be perceived that

the avowed purpose of the act would be frustrated. It would become a shield to the thief's criminal act and would stamp with the law's approval the source of title which flows from him. It would surely follow that Ohio might be made the dumping ground for stolen cars.''

On page 309, the court said:

''If plaintiff is to prevail he must do so on the strength of his own title. If evidence of title has been procured through fraud and deception, the title of a subsequent innocent holder for value, which arose therefrom, can have no greater solemnity than the source from which it sprang.''

See, also, *Associates Discount Corp.* v. *Colonial Finance Co.*, 88 Ohio App., 205, 98 N. E. (2d), 848.

We are satisfied to apply the reasoning in these two cases to the facts in this case. Certainly, the Ohio certificate of title law was never intended to operate as a shield to a thief and a sword to the innocent. The question arises whether the *Mock case, supra*, is still the law, in view of the opinion in the *Kelley Kar Co. case*, which came later. In the case of *In re Swesey*, 112 F. Supp., 773 (U. S. District Court for the Northern District of Ohio, Western Division), an Ohio resident purchased an automobile in Michigan, and because he was employed in Michigan, had issued to him by that state a certificate of title. To secure a part of the purchase price he executed a note secured by chattel mortgage in favor of the dealer, who assigned the note and chattel mortgage to a bank in Michigan. The chattel mortgage was filed in Wayne County, Michigan. All the requirements of the Michigan law were complied with, but no certificate of title was issued by Ohio. The purchaser went into bankruptcy in Ohio, and the bank asserted its claim and lien. Judge Kloeb, in commenting on the *Mielke* and

*Kelley Kar Co. cases,* found that they were not analogous on the facts and were not controlling. In commenting further on the ruling in the *Kelley Kar Co. case,* the court, on page 776, said:

"Syllabus 3 in that case indicates that the court was construing the statute as applicable only to automobiles sold or encumbered in the state of Ohio and did not intend to give the statutes any extra-territorial effect."

In discussing the effect of Section 6290-4, General Code, the court, on page 776, said:

"There is nothing in the Ohio certificate of title law which indicates an intention on the part of the Legislature to make a transaction of this kind, valid under Michigan laws, void under the laws of Ohio, and the court will not read into the statute language which is not there.

"The Supreme Court of Ohio apparently recognized the distinction above referred to, and that the law has no extra-territorial effect, in the case of *State, ex rel. City Loan & Savings Co.,* v. *Taggart,* 134 Ohio St., 374, 379, 17 N. E. (2d), 758, 760, holding the Ohio certificate of title law constitutional, in which the court said:

" '*No extra-territorial scope may be given to these sections.* The law must be limited in its operation to those manufacturers, etc., *who are subject to the jurisdiction of Ohio,* and to those persons *in Ohio* who are obligated to secure a certificate of title under the law of this state. If they do not present the documentary proof demanded they are not entitled to a certificate.' " (Emphasis added.)

The court cited the case of *Mock* v. *Kaffits, supra,* and on page 777 said:

"(2) That an out-of-state certificate of title may be recognized by the courts of Ohio, without an Ohio certificate of title being issued therefor to the owner is

held in the case of *Mock* v. *Kaffits,* Franklin County, 1944, 75 Ohio App., 305, 62 N. E. (2d), 172.''

In 18 A. L. R. (2d), 813, there appears an extended annotation on the motor vehicle certificate of title law. On page 839 the case of *Mock* v. *Kaffits, supra,* is cited as being in accord with a few cases involving attempted sales of motor vehicles by persons who had obtained possession of the vehicles and accompanying documents of title by outright theft. In such cases the rights of the true owners have been protected as against subsequent purchasers. The editor cites a Texas case as follows:

''Recognizing that ordinarily where one has clothed another with the indicia of ownership of personal property he might be estopped to assert title as against a purchaser from one having such indicia, the court in *McKinney* v. *Groan* (1945), 144 Tex., 9, 188 S. W. (2d), 144, held that this rule was not applicable where the defendant's vendor had stolen the vehicle and the certificate of title, which had been indorsed in blank by the original owner. The purchasers from the thief were also held not to be entitled to assert any claim since they failed to comply with the statutory provision requiring a purchaser of a motor vehicle to secure a certificate of title in his own name before he sold it, a sale without compliance with the statute, as in the instant case where the thief merely transferred the previous owner's certificate, being void.''

In our opinion, the rights of the plaintiff should prevail over the rights of the defendant who bases his right of ownership and immediate possession on a prior theft.

*Judgment affirmed.*

MILLER and HORNBECK, JJ., concur.