151 So.2d 855 (1963)
AVIS RENT-A-CAR SYSTEM, INC., a foreign corporation, Appellant,
v.
HARRISON MOTOR COMPANY, a Florida corporation, Appellee.
No. 3125.
District Court of Appeal of Florida. Second District.
April 10, 1963.
Robert E. Beach of the Law Offices of Roney & Beach, St. Petersburg, for appellant.
Curtis J. Timm of Icard, Merrill, Cullis & Timm, Sarasota, for appellee.
SHANNON, Chief Judge.
The plaintiff-appellant instituted a replevin suit against Harrison Motor Company for a 1959 Ford automobile. After denial of plaintiff's motion for summary judgment, the defendant-appellee filed a like motion, which was granted. This appeal followed.
On or about July 1, 1959, the plaintiff purchased and took title to the automobile in Vermont, thereafter taking it to Plattsburgh, New York, to be used in the regular course of its car rental business. On May 10, 1960, the car was rented to Pasco Ferrucci for one day under a written rental agreement. When the time provided for return of the auto had elapsed and the plaintiff realized that the car was stolen, it notified the New York State Police, the F.B.I., and the Plattsburgh Police. The *856 plaintiff's car was transported to Florida, where, in November, 1960, an application for a Florida certificate of title was submitted to the Florida Motor Vehicle Commissioner by Pasco Ferrucci. Ferrucci also submitted the Vermont title registration which had been altered so that plaintiff's name was removed and Pasco Ferrucci's name was inserted in its place. As a result of the fraudulent alteration, the State of Florida issued a certificate of title to Ferrucci. While the transfer was pending, he traded the car to the defendant, after defendant was assured by the Motor Vehicle Commissioner that Ferrucci had title.
The plaintiff filed a complaint for replevin for return of the car, alleging that the car was stolen and that the title was, without its knowledge and consent, transferred as set out above. The defendant maintained that it was a bona fide purchaser for value, without notice of the rights of the plaintiff, if any. In support of its allegations in the complaint, the plaintiff attached as exhibits the purchase invoice for the automobile, Vermont title registration, the rental receipt, Florida application for certificate of title, a copy of the altered Vermont title registration, and the Florida certificate of title. The plaintiff also filed a notice of intention to request the lower court to take judicial notice of certain portions of Vermont and New York law applying to the facts in the case. The statutes of both states were later introduced into evidence on behalf of the plaintiff.
Affidavits were submitted for the plaintiff and for the defendant. The plaintiff's motion for summary judgment was denied and that of the defendant was granted, the trial court saying, in part:
"The Court finds that there is no genuine issue as to any material fact and that the plaintiff, having placed the title certificate of the subject motor vehicle in the possession of one Pasco A. Ferrucci and thereafter having failed to notify State authorities that said vehicle was stolen, created the circumstances causing the loss; that plaintiff is estopped to assert its title in said motor vehicle and that defendant is entitled to judgment as a matter of law. * * *"
The plaintiff in its appeal raises two questions: 1) Was the defendant an innocent purchaser for value without notice of defect in the title of the automobile? And 2) Was the plaintiff estopped to assert title?
By virtue of the Vermont Motor Vehicle Laws, Title 23, Sec. 307, "[a] person shall not operate a motor vehicle * * unless the registration certificate thereof is carried in some easily accessible place in such motor vehicle. * * *" The New York law is similar. Hence the plaintiff was required by law to rent the automobile to Ferrucci with the title certificate therein. Ferrucci feloniously brought the automobile to Florida where he altered the registration title into his name and obtained a Florida title. It is elementary that no one can transfer or confer better title to chattels than he himself has. Ferrucci had never legally obtained title to the car, but had illegally forged the title, and hence he could not convey title which he himself did not have. Glass v. Continental Guaranty Corp., 1921, 81 Fla. 687, 88 So. 876, 25 A.L.R. 312. Keeping in mind that Ferrucci was the bailee of the automobile in question, the existence of the bailor-bailee relationship prohibited him from committing any act in derogation of the bailor's title or possessory rights. 4 Fla.Jur., Bailments, Sec. 6.
With reference to the sale of motor vehicles, the law has been modified slightly in Florida. In Trumbull Chevrolet Sales Co. v. Seawright, Fla.App. 1961, 134 So.2d 829, Judge Sturgis, speaking for the court, said, in part:
"Motor vehicles constitute a special class of personalty which, because of considerations too numerous to recite, has had thrown up around transactions for the sale thereof and transfer of title thereto a distinct body of case and statutory *857 law differing in many important respects from that generally governing sales of other types of personalty. And although it varies to some extent in the several states, the underlying trend and objective is to protect the interest and title of the rightful owner against fraudulent sales of such property, to establish a uniform method of transfer, and to insure, as far as practicable, the validity of title and possessory rights of the ultimate owner. To accomplish this, certain duties and limitations have been placed on the purchasers as well as the seller, and courts generally require strict compliance therewith."
See also, Metro-Plan, Inc., v. Kotcher-Turner, Inc., 1941, 296 Mich. 400, 296 N.W. 304; and Leary, "Horse and Buggy Lien Law and Migratory Automobiles," 96 U. of Pa.L.Rev. 455 (1948).
Defendant takes the position that it had no notice that the vehicle was stolen, nor did it realize that the Vermont title registration had been altered. In fact, it had relied upon the agents of the Motor Vehicle Commissioner to the effect that Ferrucci had submitted a valid Vermont title registration. Notwithstanding, the fact still remains that Ferrucci had altered or forged the title registration and therefore had not acquired valid title; not having such, he could not, by fraudulent acts, pass a title which he himself did not have.
Attention should be given to Chapter 319, Fla. Stat. 1961, F.S.A., and in particular, to Sec. 319.21, where it is provided:
"(2) No person hereafter shall sell or otherwise dispose of a motor vehicle without delivering to the purchaser or transferee thereof a certificate of title with such assignment thereon as may be necessary to show title in the purchaser, nor purchase, or otherwise acquire, or bring into the state a motor vehicle, except for temporary use, unless such person shall obtain a certificate of title for same in his, her, or its name in accordance with the provisions of this law; * * *."
Sec. 319.33, Fla. Stat., F.S.A., makes it a crime for anyone to alter or forge a certificate of title to a motor vehicle for the purpose of procuring or attempting to procure a Florida certificate of title. To secure the certificate under which this automobile was transferred in Florida, Ferrucci had to violate this law. Keeping in mind that the plaintiff had no knowledge of any of the acts of Ferrucci, it would then have to be the victim of a forgery, and in the next place, a victim of Ferrucci's obtaining title by false or fraudulent procedures.
On the question of the facts in this case, see Ohio Casualty Insurance Co. v. Guterman, 1954, 97 Ohio App. 237, 125 N.E.2d 350; Chetopa State Bank v. Manes, 1953, 221 Ark. 784, 255 S.W.2d 957; Mock v. Kaffits, 1944, 75 Ohio App. 305, 62 N.E.2d 172; and Winship et al. v. Standard Finance Co., 1932, 40 Ariz. 382, 12 P.2d 282. The Mock case held that an automobile title certificate, improperly issued due to false representations as to the ownership of an automobile coming from without the state, was void ab initio. In R.S. Evans Motors of Jacksonville, Inc. v. Hanson, Fla.App. 1961, 130 So.2d 297, Judge Spoto, writing for the court, said, in part:
"* * * This holding is erroneous, since it is supported by none of the recognized exceptions to the settled law that the possession of personal property in good faith by a purchaser for value is only prima facie evidence of title, that no one can transfer better title than he has, and that one who is in possession under a defective or incomplete title cannot defeat recovery of the property by the true owner. And it is a general principle applicable to traffic in personal property that no one can transfer or confer a better title than he has, unless some principle of estoppel operates to bar a claim under an otherwise better title."
*858 The defendant's contention that he was an innocent purchaser for value and without notice must be viewed with respect to the language in the cases of Dicks v. Colonial Finance Corp., Fla. 1956, 85 So.2d 874; and Vincent v. General Motors Acceptance Corp., Fla. 1954, 75 So.2d 778. In the latter case defendant was held not to be a bona fide purchaser because of failure to obtain a telegram or statement from the recording officer of the county of residence of the seller that no lien against the automobile was recorded in such county.
On the question of estoppel the defendant apparently takes the position that the plaintiff should have notified the proper office in the State of Florida concerning the theft by Ferrucci. Due to the fact that Ferrucci identified himself to plaintiff in New York as a resident of Connecticut by reason of his Connecticut driver's license, and that plaintiff was without knowledge that the car would be brought to Florida, it seems to us that the plaintiff was under no duty to notify Florida until and unless it had some reason to do so. Affidavits show that the plaintiff had notified the Plattsburgh Police, the New York State Police Department, and the F.B.I., and we do not think that under the circumstances in this case it should be held estopped for failure to notify the State of Florida. See Mitchell v. Porter, 1932, 123 Cal. App. 329, 11 P.2d 58, where the court said:
"* * * If the plaintiff had inserted his signature in the blanks on the reverse side of the certificate of ownership, and if he had thereafter intrusted his automobile and the certificate so filled out into the hands of Marks, the defendants might have cause to complain. National Safe Deposit [Saving & Trust] Co. v. Hibbs, 229 U.S. 391, 33 S.Ct. 818, 57 L.Ed. 1241. However, the plaintiff did not do so, and under well-settled rules, the blanks in the certificate not having been filled in, no ground of estoppel was established. Treadwell v. Clark, 114 App. Div. 493, 100 N.Y.S. 1, 10. * * *"
The laws of Vermont and of New York required the automobile to have the title certificate with it. The automobile was leased out to Ferrucci and Ferrucci then did an unlawful act. The plaintiff had no knowledge of anything that would put it on notice that Ferrucci would commit a crime and likewise had no knowledge that in committing the crime he would take the car to Florida. Having no knowledge of any of the facts in this case, it cannot be estopped in seeking return of its car.
Reversed.
KANNER, J., and OGILVIE, CLAUDE, Associate Judge, concur.