Zimmerman, J.
 

 This suit challenges the 'constitutionality and validity of Amended House Bill No. 514 (117 Ohio Laws, ...), passed by the General Assembly of Ohio at its regular session in 1937, embracing Sections 6290-2 to 6290-17, General Code, and Amended House Bill No. 773 (117 Ohio Laws, ...),
 
 *375
 
 passed by tbe second special session of tbe General Assembly in 1937, amending Sections 6290, 6290-1, 6290-3, 6290-5, 6290-11 and 6290-13, General Code, and enacting supplemental Sections 6290-7a and 6290-13a.
 

 Briefly and for tbe purposes of this discussion these enactments repeal the old “Bill of Sale Law,” relating to motor vehicles, and inaugurate a new system whereby all motor vehicles owned and operated in Ohio must be represented by certificates of title issued in triplicate by the clerks of courts of the different counties, upon application therefor and upon prescribed proofs, one of which certificates is retained by the clerk, one immediately transmitted to the Registrar of Motor Vehicles at Columbus, and the remaining one delivered to the owner of the motor vehicle or, in case such motor vehicle has one or more liens thereon, to the holder of the first lien. The registrar is required to check with his records all duplicate certificates of title received from the clerks of courts, and if it appears that a certificate of title has been improperly issued the registrar shall cancel the same.
 

 It is apparent that the primary object of the new law is to afford an effective means of transferring and recording the evidence of title to motor vehicles in one continuous chain from the beginning to the end of their existence in Ohio, with close cooperation between the various clerks of courts and the registrar, and to eliminate several well known and flagrant types of abuse which were .perpetrated under the old “Bill of Sale Law.”
 

 Under the new iaw, all liens, mortgages and encumbrances on motor vehicles must be noted by the clerk of courts upon the certificate of title, and shall take priority according to the order of time in which they are noted. It is expressly stipulated that Sections 8560 to 8572, inclusive, General Code, relating to the deposit of chattel mortgages with county record
 
 *376
 
 ers, shall never be construed to apply to motor vehicles.
 

 Relator first urges ''the uneonstitutionality of the new enactments on the grounds that they attempt “to delegate judicial authority to clerks of courts and the Registrar of Motor Vehicles in- contravention of Article IV, Section 1 of the Ohio Constitution,” describing the courts in which judicial powers shall be vested, and “that said acts deprive the several citizens of the state of Ohio and this plaintiff of property without due process of law contrary to Section 1, Article I, Section 16, Article I, Section 19, Article I of the Constitution of Ohio, and the 14th Amendment to the Constitution of the United States.”
 

 Particular complaint is made of the following sections : First, Section 6290-5, General Code, which requires a clerk, when application for a certificate of title is made, to “use reasonable diligence in ascertaining whether or not the facts in said application are true by checking the application and documents accompanying same with the records of motor vehicles in his office.”
 

 Next, objection is noted to Section 6290-7, General Code, which reads':
 

 “* * * The registrar shall check with his record all duplicate certificates of title received in his office from the clerks of courts. If it appear that a certificate of title has been improperly issued the registrar shall have the power and it shall be his duty to cancel same * * *.”
 

 That part of Section 6290-9, General Code, is also disputed, which reads:
 

 “ * * * All liens, mortgages and encumbrances noted upon a certificate of title shall take priority according to the order of time in which the same are noted thereon by the clerk of courts * * *.”
 

 
 *377
 
 Likewise, Section 6290-10, General Code, is challenged wherein it is provided:
 

 “ *
 
 *
 
 * If the applicant [for a certificate of title] can not produce such proof of ownership he may apply directly to the registrar and submit such evidence as he may have, and the registrar may thereupon, if he finds the evidence sufficient, authorize the clerk of courts to issue a certificate of title.”
 

 Lastly, the portion of Section 6290-4, General Code, is condemned, which states:
 

 “* * * No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle, hereafter sold or disposed of, or mortgaged or encumbered, unless evidenced by a certificate of title or manufacturer’s or importer’s certificate duly issued, in accordance with the provisions of this chapter. ’ ’
 

 Relator argues that the quoted sections of the General Code empower the clerks of courts and the registrar, ministerial officers, to issue, withhold or cancel a certificate of title through a process which amounts to the rendition of judgment upon the applicant’s title to the particular motor vehicle — a purely judicial prerogative — and makes such judgment binding on the courts. Furthermore, it maintains that these sections “vest the final decision as to matters of judicial cognizance in a non-judicial officer and not only fail to authorize, but directly prohibit, judicial review of such determinations. This, of itself, is a deprivation of property without due process of law, as well as a violation of the separation of the powers.” Answering these arguments, the respondent asserts that the intent and effect of the new law is to delegate to the clerks of courts and the registrar no more than fact finding and gwsi-judicial powers, to be performed in accordance with a specific formula contained in the law itself and does not involve the determination of
 
 *378
 
 controversies and the adjudication of adversary claims, and that it is now well established by numerous court decisions' that those in administrative positions may properly make findings' of fact and perform quasi-judicial functions.
 

 As to the contention that the citizens of Ohio and relator in particular are deprived of their property without due process of law, the respondent points out that it must be assumed the clerks of courts and the registrar, as public officials, will act honestly and reasonably in the performance of the duties conferred upon them, and that there is nothing in the
 
 ‘
 
 ‘ certificate of title law” which prohibits an aggrieved person from resort to the courts if a clerk of courts or the registrar, without warrant, arbitrarily or fraudulently denies or cancels a certificate of title, or if a clerk acts in like manner with regard to the notation of liens.
 

 After a close study of the new law, in connection with a number of authorities, the members of this court are unanimously of the opinion that it represents an authorized exercise of the police power by the General Assembly in relation to a matter of public concern, and is not violative of any part of the organic law of either the state of Ohio or the United States, especially with reference to the delegation of judicial powers and due process of law. In support of this conclusion, attention is directed to the following cases among the many which might be cited:
 
 Musser, Auditor,
 
 v.
 
 Adair,
 
 55 Ohio St., 466, 471, 45 N. E., 903;
 
 France
 
 v.
 
 State,
 
 57 Ohio St., 1, 17, 47 N. E., 1041;
 
 State, ex rel. Yaple,
 
 v.
 
 Creamer, Treasurer of State,
 
 85 Ohio St., 349, 97 N. E., 602, 39 L. R. A. (N. S.), 694;
 
 Wessell
 
 v.
 
 Timberlake,
 
 95 Ohio St., 21, 116 N. E., 43, Ann. Cas. 1918B, 402;
 
 Fassig
 
 v.
 
 State, ex rel. Turner, Atty. Genl.,
 
 95 Ohio St., 232, 116 N. E., 104;
 
 Yee Bow
 
 v.
 
 City of Cleveland,
 
 99 Ohio St., 269, 124 N. E., 132, 12 A. L. R., 1424.
 

 
 *379
 
 The case of
 
 State, ex rel.,
 
 v.
 
 Guilbert, Auditor of State,
 
 56 Ohio St., 575, 47 N. E., 551, 60 Am. St. Rep., 756, 38 L. R. A., 519, upon which relator places its-main reliance, is not controlling because it pertained to a law which necessitated the determination of the adversary rights of persons in property by a ministerial officer upon an application of the -rules of evidence to the ascertainment of disputed facts, resulting in a judicial pronouncement.
 

 Finally, the relator submits that the law complained of constitutes “an attempt to regulate interstate commerce contrary to the Constitution of the United States.”
 

 On this contention the statement is made that it endeavors to prescribe the things a manufacturer must, do or comply with prior to the importation of a motor vehicle into Ohio.
 

 Section 6290-2, General Code, requires a manufacturer, importer, dealer or other person, in selling or otherwise disposing of a new motor vehicle to a dealer, to be used by such dealer for purposes of display and resale, to deliver to such dealer a manufacturer’s or importer’s certificate showing title to the motor vehicle; and Section 6290-5, General Code, requires, under certain circumstances, that an application for a certificate of title must be accompanied by a manufacturer’s or importer’s certificate, or by other approved evidence of ownership when a motor vehicle is brought into Ohio from another state.
 

 No extra-territorial scope may be given to these sections. The law must be limited in its operation to those manufacturers, etc., who are subject to the jurisdiction of Ohio, and to those persons in Ohio who are obligated to secure a certificate of title under the law of this state. If they do not present the documentary proof demanded they are not entitled to a certificate.
 

 
 *380
 
 Relator’s application for a writ of mandamus is denied.
 

 Writ denied.
 

 Weygandt, C. J., Matthias, Day, Williams, Myers and Gorman, JJ., concur.