WHITMIRE, Plaintiff-Appellant, v DOUGLASS G. HIGH, INC., Defendant-Appellee.

Ohio Appeals, First District, Hamilton County.

No. 6901. Decided February 9, 1948.

Louis R. Schear, Cincinnati, for plaintiff-appellant.
Walter S. Sibbald, Cincinnati, for defendant-appellee.

**OPINION**

By THE COURT:

The petition here contained five separately numbered and stated causes of action for money only, which plaintiff, a licensed real estate salesman employed by defendant, a real estate broker, claimed as commissions due for the sale and listing of real estate, in accordance with an oral contract of employment.

On trial to a jury, the court withdrew from its consideration causes of action numbered one and five, and the jury returned a general verdict concurred in by nine of their number for the plaintiff for $1104.00.

In answer to interrogatories propounded by defendant the jury answered the amount they found due on each cause of action, numbered two, three, and four separately, finding the amount claimed by plaintiff in each instance with the sum of those findings equalling the amount of the general verdict.

In passing on defendant's motion for a new trial, the Court granted the same as to the third cause of action, for the reason that the verdict of the jury thereon was manifestly against the weight of the evidence, and overruled the motion as to the second and fourth causes of action, and entered judgment accordingly.

The notice of appeal is from that entry, on questions of law.

The petition herein was filed prior to October 30, 1947, the effective date of amended §12223-2 GC, making the granting of a new trial a final order. Hence, the right of appeal from the ruling of the trial court in the instant case is governed by the law as it existed prior to October 30, 1947.

**Steiner v Custer, 137 Oh St, 448,** held:

"The granting of a motion for a new trial is not such a final order as may be reviewed on appeal, unless it clearly appears that the court granting such motion abused its discretion in so doing.

"The meaning of the term 'abuse of discretion' in relation to the granting of a motion for a new trial connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the Court."

It is suggested that it was an abuse of discretion on the part of the trial court to grant the motion for new trial as to the third cause of action and overrule it as to causes of action numbered two and four.

In 39 Am. Jur., 44, Section 21, et seq., it appears to be the generally accepted view that where there are separate and distinct issues, particularly where there are separate and distinct causes of action, a new trial may be ordered as to one issue and be refused as to others.

Here the interrogatories clearly show the conclusion of the jury as to each cause of action separately, so that a retrial could be confined to any one cause without the necessity of a retrial of the whole case.

We, therefore, conclude the trial court did not abuse its discretion in granting a new trial on the third cause of action only. This conclusion is in accord with the modern tendency as shown by Rule 59 (a) of the Federal Rules of Civil Procedure, which, in defining grounds for a new trial, provide that a new trial may be granted "to all or any of the parties on all or part of the issues" either in actions tried by jury or actions tried without a jury. 39 Am. Jur., p. 45, note 16.

Under favor of §12223-21A GC, the appellee filed an assignment of errors herein, and it is suggested that this action is tantamount to a cross appeal, vesting this court with the jurisdiction and duty of determining the questions raised thereby.

We hold to the contrary and make reference to "Some Comments on Changes in Ohio Procedure" **31 OO 358**, at **page 361**, where Ross, J., has expressed the view with which this Court is in accord.

Finding no abuse of discretion on the part of the trial court, the order granting a new trial, appealed from, is not a final order, and, for that reason, the appeal herein is dismissed, and the cause remanded to the Court of Common Pleas for further proceedings according to law.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur.