Stewart, J.
 

 We are called upon to decide only one question in this case, which is vital.
 

 The Court of Appeals unanimously reversed the judgment of the Common Pleas Court. Two members of the Court of Appeals held that there should be a final judgment rendered in favor of defendant, while one member thereof was of the opinion that the case should be remanded to the Court of Common Pleas for a new trial.
 

 Plaintiff and insurance company had brought their action upon the theory that plaintiff was the owner of the automobile which he was driving, and the sole basis of the judgment for defendant in the Court of Appeals was that that court found there was not sufficient evidence ,offered in the Court of Common Pleas to establish plaintiff’s ownership, and that, therefore, plaintiff, having failed in sustaining an essential element of his claim, must have final judgment rendered against him.
 

 The Court of Appeals based its judgment upon Section 6290-4, General Code, a part of the Certificate of Title Law of this state.
 

 That section reads as follows:
 

 “No person acquiring a motor vehicle from the owner thereof, whether such owner be a manufacturer, importer, dealer or otherwise, hereafter shall acquire any right, title, claim, or interest in or to said motor vehicle until he shall have had issued to him a certificate of title to said motor vehicle, or delivered to him a manufacturer’s or importer’s certificate for the same; nor shall any waiver or estoppel operate in fa
 
 *531
 
 vor of such person against a person having possession of such certificate of title or manufacturer’s or importer’s certificate for said motor vehicle for a valuable consideration. No court in any case at law or ini equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle, hereafter sold or disposed of, or mortgaged or encumbered, unless evidenced by a certificate of title or manufacturer’s- or importer’s certificate duly issued, in accordance-with the provisions of this chapter.”
 

 The Court of Appeals said:
 

 “Furthermore, the statute prohibits the courts of this state from giving any recognition to the ‘right,, title, claim, or interest of any person in or to any motor vehicle,, * * * ’ unless evidenced by a certificate of title issued ‘in accordance with the provisions of this chapter. ’
 

 “The record is devoid of any evidence of ownership tendered on this issue by either plaintiff or defendant, excepting the testimony of plaintiff that he was the owner of the motor vehicle he was operating. In' view of the provisions of the certificate of title statute, plaintiff wholly failed to establish ownership of the motor vehicle he was operating and was not entitled to recover on the evidence adduced at the trial. ’ ’
 

 As we have indicated, two members of the Court of Appeals were of the opinion that there must be a final judgment for the defendant. The third member of the court was of the opinion that error prejudicial to the defendant was committed by the Court of Common Pleas in relation to the issue of ownership of the automobile operated by plaintiff at the time of the collision ; that the judgment of the Common Pleas Court should be reversed and the cause remanded, for the reason that on a motion for a judgment notwithstand
 
 *532
 
 ing the verdict, the court considers the entire-record; that in the present case there was no motion, at the conclusion of plaintiff’s evidence or at the close of all the evidence, for a directed verdict on the issues raised on the petition or on the cross-petition; that there was no special request to charge on the issue of ownership; that the trial court made no reference to this issue in its general charge to the jury and no request was made at the conclusion of the charge for instructions on the issue of ownership; that the motion of defendant for a judgment in his favor on the issues raised on the petition and the evidence imposed upon the court the duty of determining the issues of fact raised on both the petition and the cross-petition; and that, as the weight of the evidence was involved with respect to issues on the cross-petition, defendant’s motion for a judgment was properly overruled.
 

 Except for the requirement of Section 6290-4, General Code, plaintiff’s ownership of the automobile he was driving was abundantly proved.
 

 Plaintiff was asked, over objection, which objection was overruled, whether he was the owner of the automobile at the time of the collision and subsequently the following question and answer were given without objection :
 

 “Q. At the time this accident occurred you were the owner of the 1941 Chrysler? A. That is right.”
 

 Counsel for defendant contend that since they previously objected to a similar question, which objection was overruled, it was not necessary to again object.
 

 Plaintiff produced a passenger-car registration card showing the Chrysler involved in the accident registered in his name. Evidence concerning such registration card was stricken by agreement.
 

 During the trial of the case in the Common Pleas Court. Uie Chrysler was referred to by counsel for
 
 *533
 
 defendant as plaintiff’s automobile. When counsel for defendant cross-examined witness Proudfoot, who was the passenger in the Chrysler automobile, counsel asked this question, “Where did you get in Mr. Mielke’s car?” To which the answer was given, “He picked me up at my home.” Again when defendant was testifying, his counsel asked him, “And when did you first see the car of Mr. Mielke?” And further along defendant’s counsel asked defendant, “And the next thing you saw was Mielke’s car run into your car, is that right?”
 

 Thus it would appear that, after the Court of Common Pleas overruled the objection of defendant’s counsel to the question whether plaintiff was the owner of the Chrysler automobile, it was apparently assumed by counsel for both plaintiff and defendant that the question of ownership was established. Ordinarily, proof of possession of a chattel is at least some evidence of ownership, which, of course, may be overcome by proof of ownership in another.
 

 In 20 American Jurisprudence, 233, Section 237, it is stated:
 

 “As a general rule, proof of the possession of personal property is prima facie evidence of title or is said to raise a presumption of ownership, which may be rebutted or overcome by evidence of ownership in another.”
 

 In the present case there was no evidence that ownership of the Chrysler involved in the accident was in any person other than plaintiff. The testimony of plaintiff that he was the owner of the Chrysler and the fact that he was in possession of it were some evidence of ownership, but Section 6290-4, General Code,
 
 supra,
 
 provides that the courts of this state shall give no recognition to the right, title, claim or interest of any person in or to any motor vehicle unless evidenced by a certificate of
 
 *534
 
 title or manufacturer’s or importer’s certificate issued' in accordance with the provisions of the Certificate of Title Law. One could speculate that when the General Assembly enacted the above section, it had in mind the protection of a real owner of an automobile from a disposition of it to an innocent purchaser by one who had wrongfully or criminally obtained possession of the automobile, and if the statute could bear that interpretation, the following language of Mr. Justice Holmes in the case of
 
 State of Ohio, ex rel. Popovici, Vice-Consul,
 
 v.
 
 Agler,
 
 280 U. S., 379, 383, 74 L. Ed., 489, 50 S. Ct., 154, would be appropriate: “The language so far as it affects the present case is pretty sweeping but like all language it has to be interpreted in the light of the tacit assumptions upon which it is reasonable to suppose that the language was used.”
 

 However, the language of Section 6290-4, General Code, is not only sweeping but is unrestricted and unlimited.
 

 When the statute says “no court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle, * * * unless evidenced by a certificate of title # # *,” such language cannot possibly be restricted to only cases involving transfer of title. Plaintiff in the present case did not put in evidence a certificate of title which would show that he was the owner of the Chrysler automobile he was driving at the time of the collision, and, therefore, the court could not recognize his title, but that is not saying there was no evidence of plaintiff’s ownership. His own testimony as to his ownership, coupled with his possession of the automobile, was some such evidence. It was not sufficient under Section 6290-4, Genera] Code, and, therefore, the verdict, in the absence of evidence of certificate of title, was not sus
 
 *535
 
 tained by sufficient evidence, and the Court of Appeals was correct in reversing the judgment based upon such verdict.
 

 In our view of the case, since there was evidence of plaintiff’s ownership, although such evidence can never be sufficient without the production of a certificate of title, the proper procedure is a reversal and a remanding for a new trial.
 

 The first assignment of error filed by defendant as appellant in the Court of Appeals, reads:
 

 “That the said judgment is not sustained by sufficient evidence, is against the weight of the evidence and is contrary to law.”
 

 In our view, the Court of Appeals properly reversed the judgment of the Court of Common Pleas, but the ease should have been remanded to the Court of Common Pleas for a new trial. Therefore, we reverse the judgment of the Court of Appeals, so far as it rendered final judgment, affirm it as to the rest and remand this cause to the Court of Common'Pleas for a new trial in accordance with this opinion.
 

 Judgment reversed in part and affirmed in part.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman and Sohngen, JJ., concur.
 

 Turner, J., not participating.