AUSTIN, APPELLANT, *v.* RIVER ET AL., PARTNERS D. B. A. RIVER OIL CO., APPELLEES.

(No. 429—Decided May 15, 1953.)

*Mr. William W. Stanhope,* for appellant.
*Mr. David L. Barrett,* for appellees.

COLLIER, J. This is an action originating in the Common Pleas Court of Ross County, in which the Central Motor Lines, Inc., and Clyde E. Austin joined as plaintiffs to recover damages to a tractor and trailer which plaintiffs claim were caused by a collision with a motor vehicle owned by the defendants and operated by their agent. The petition sets forth that the plaintiff Central Motor Lines, Inc., is the owner of the trailer, and that plaintiff Austin is the owner of the tractor. The question of proper joinder of parties plaintiff is not presented to this court and will not be considered in this opinion.

A trial by jury was waived and, after a hearing, the trial court rendered judgment in favor of the plaintiff Central Motor Lines, Inc., in the sum of $1,491.20, for damages to its trailer, but denied recovery to the plaintiff Austin. The judgment entry, as it pertains to Austin, reads as follows:

"There can be no recovery for the damages to the

motor truck or tractor owned by Clyde Austin and leased by the Central Motor Lines for the reason that ownership of the tractor was not proven as required by Section 6290-4 of the Ohio General Code, commonly known as the Ohio Title Act and the court denies recovery for failure to prove title under the Ohio law (Sec. 6290-4).''

A motion for a new trial filed by plaintiff Austin was overruled. The plaintiff Central Motor Lines, Inc., did not file a motion for a new trial and is not concerned with this appeal.

The assignments of error are:

1. Error of law consisting of denial of recovery to plaintiff Austin for failure to prove title under the Ohio Certificate of Title Act, Section 6290-4, General Code.

2. Error of law in failing to grant a motion for a new trial filed by the plaintiff Clyde E. Austin.

3. Error of law in the application of Section 6290-4, General Code, to a person engaged in interstate commerce and who is asserting a claim for damages in an Ohio court. The terms of this statute exclude persons who are not eligible for a certificate of title under the Ohio act.

The evidence shows that both plaintiffs are residents of the state of North Carolina; that at the time of the accident on May 4, 1948, they were engaged in interstate commerce; and that the plaintiff Austin, with his driver, was operating the tractor and passing through Ohio on his way to Chicago when the collision occurred.

Did the trial court commit error in denying recovery to plaintiff Austin for failure to prove title under the Ohio Certificate of Title Act, as claimed by Austin in his first and third assignments of error? Stated another way, does the statute apply to a nonresident of Ohio who is asserting a claim for property damages

to a motor vehicle in an Ohio court? Counsel do not cite any Ohio decisions, and we are unable to find any directly in point. However, we are referred to the following indirect statement by Judge Middleton in the opinion in the case of *Kelley Kar Co.* v. *Finkler,* 155 Ohio St., 541, 99 N. E. (2d), 665: "In the instant case the plaintiff, if a citizen and resident of Ohio, would be subject to the provisions of Section 6290-4, General Code, * * *." Reading this statement out of context, it may indicate that the statute applies only to residents of Ohio. But when it is read in conjunction with the whole opinion, the meaning is clear that the statute applies alike to all persons whether residents or nonresidents of Ohio. In that case and several other cases, including the case of *Mielke* v. *Leeberson,* 150 Ohio St., 528, 83 N. E. (2d), 209, 7 A. L. R. (2d), 1342, the policy and the law of Ohio is definitely established that title to a motor vehicle may be proved only by a certificate of title. It is said in the *Mielke case*: "However, the language of Section 6290-4, General Code, is not only sweeping but is unrestricted and unlimited."

Whether the plaintiff in the instant case has title to the tractor involved must be determined by the substantive law of North Carolina, and depends on whether the plaintiff has complied with the law of the state of his domicile in respect to registration of motor vehicles—*lex loci actus*—the rule of the place of the act to be proved, but the principle of procedure, the method of proof, is governed by the rules of the forum —*lex fori.*

The law of evidence is a part of the law of procedure. Wigmore on Evidence (3 Ed.), 159, Section 5; *Endfield, Admr.,* v. *Butler,* 221 Iowa, 615, 264 N. W., 546; *Greaf* v. *Breitenstein,* 97 Ind. App., 525, 187 N. E., 347; *Pilgrim* v. *MacGibbon,* 313 Mass., 290, 47 N. E. (2d), 299. In the absence of any proof that the plaintiff is

the holder of a certificate of title to the tractor under the law of the state of his residence, the trial court was correct in denying recovery of damages.

Should the trial court have granted plaintiff's motion for a new trial as contended by plaintiff in his second assignment of error? The record in this case presents a situation very similar to that in the *Mielke* v. *Leeberson case, supra.* In both cases there was some evidence of ownership of the motor vehicle, and in each case the plaintiff was in possession thereof at the time of the accident. The plaintiff Austin in the instant case was asked this question and gave this answer:

Q. "Who owned the truck in which you were riding? A. I did."

There are several other references in the record, including the judgment entry, where Austin is recognized as the owner of the tractor. In the *Mielke case,* where the proof of ownership is almost identical, our Supreme Court held that the action of the Court of Appeals in rendering final judgment of dismissal was wrong, and remanded the cause to the Common Pleas Court for a new trial. The concluding paragraphs of the opinion by Judge Stewart read, in part, as follows:

"In our view of the case, since there was evidence of plaintiff's ownership, although such evidence can never be sufficient without the production of a certificate of title, the proper procedure is a reversal and a remanding for a new trial.
"* * *

"In our view, the Court of Appeals properly reversed the judgment of the Court of Common Pleas, but the case should have been remanded to the Court of Common Pleas for a new trial."

If, in a parallel case which has reached the Supreme Court, that court took the view that the justice of the

case demanded another trial, certainly the trial court, confronted with the same situation, in its discretion, should have granted a new trial to allow the plaintiff Austin the right to establish his title to the tractor by sufficient proof, especially since his failure to do so is the only reason given in the judgment entry for denial of recovery of damages. A new trial of this cause may be limited to the single issue of ownership of the tractor. *Whitmire* v. *Douglas G. High, Inc.*, 82 Ohio App., 389, 81 N. E. (2d), 647.

Following the doctrine of precedents, we feel bound by the disposition made in the case of *Mielke* v. *Leeberson, supra.*

In 11 Ohio Jurisprudence, 778, Courts, Section 131, it is said:

"It is the duty of the lower courts to determine what the decisions of the higher courts are, and then defer to their authority."

It is interesting to note that the *Mielke case*, as reported in 7 A. L. R. (2d), 1342, carries the following headnote:

"Upon reversal of judgment for plaintiff in action to recover for damage to automobile on ground of insufficiency of the evidence to sustain the verdict, in that a certificate of title is not in evidence as required by statute, where there is some evidence of plaintiff's title, consisting of his testimony of ownership and the fact of his possession, the proper procedure is not a final judgment of dismissal but a reversal and remanding for a new trial."

On the authorities above cited and under the circumstances as disclosed by the evidence, the trial court abused its discretion in not sustaining plaintiff's motion for a new trial, and this cause is remanded to the Common Pleas Court with instructions to sustain said motion and grant to the plaintiff a new trial.

For additional authorities on this subject see 30

Ohio Jurisprudence, 35, Section 6; *Merchants' & Manufacturers' Ins. Co.* v. *Shillito,* 15 Ohio St., 559, 86 Am. Dec., 491; 3 American Jurisprudence, 707, Section 1204.

*Judgment accordingly.*

GILLEN, P. J., and McCURDY, J., concur.