Weygandt, C. J.
The single question before this court for consideration is whether the trial court was correct in directing a verdict in favor of the defendant at the conclusion of the plaintiff’s evidence.
The trial court based its ruling on the sole ground that the plaintiff had failed to prove its ownership of the damaged automobile by proffering a certificate of title as provided by Section 6290-4, General Code (Section 4505.04, Revised Code).
Immediately thereafter the plaintiff asked leave to reopen the case and introduce the certificate of title in evidence.
The plaintiff contends that it was not necessary to introduce the certificate for the reason that its title was undisputed and covered by a stipulation of counsel.
*482 This the defendant denies and relies on the decisions of this court in the eases of Mielke v. Leeberson, 150 Ohio St., 528, 83 N. E. (2d), 209, and the Kelley Kar Co. v. Finkler, 155 Ohio St., 541, 99 N. E. (2d), 665.
The plaintiff admits the force of these decisions and the statute but insists that they are not applicable here by reason of the stipulation of counsel.
The controversy concerning the stipulation arises primarily from the fact that at the time of the collision the plaintiff was organized as a partnership instead of a corporation, as at present. The following discussion concerning the stipulation occurred at the time the trial court ruled on the defendant’s motion to direct a verdict in his favor:
“Mr. Kinder: Before we started into this case we told counsel that we didn’t have records here that we needed on technical instructions to prove our case and with that agreement that that be put in orally we went ahead and it never occurred to me that after that stipulation had been made and agreed on — I discussed it with Mr. Chappell.
“Mr. Thornburg: That had to do with the transfer of the property. We agreed that they did not need to have it in writing that the property was transferred.
i 6 * # *
“Mr. Kinder: We assumed that that understanding took care of all that situation. That is what we went along under.
“The Court: Evidently counsel for defendant
didn’t assume that at all.
“Mr. Kinder: Then there wasn’t any meeting of minds. We ask that the case be continued on terms so that we can assert our rights.
“Mr. Weyer: If Your Honor please, we admitted only that the assets were transferred. It would still *483 be necessary to prove title whether the new owner had it or the old owner.
“Mr. Kinder: One of the assets is this title. If that stipulation don’t mean anything why then let’s open up the whole case and go back and prove it properly. Certainly we owe something to our clients here and if we can’t protect their rights by agreement — .
“The Court: What was the stipulation now?
“Mr. Kinder: That everything was transferred to —everything that belonged to the Peters Motor Co. was transferred to the Peters Motors Inc. and that stipulation, I am not talking about proof, that would necessarily take the title.
“The Court: Well is it a matter of record here? Is your stipulation a matter of record?
“Mr. Kinder: It was stated here in court. I don’t know whether it was taken down or not.
“Mr. Weyer: It was an agreement. The agreement was that we weren’t going to make them prove the assignments of these claims.
“Mr. Kinder: We stated not once but more than once that everything that Peters Motor Co. had, including, and my statement to the jury made that statement, including the car.
“The Court: You stated that to the jury all right.
“Mr. Kinder: And that was the understanding. If we can’t withdraw a juror under those circumstances, if that stipulation doesn’t take the place of proof, ironclad proof, here, then we are entitled that the case be opened up or that we withdraw a juror on terms and the case be continued.”
The trial court refused to either reopen the case or continue it to a later date, and a verdict was directed in favor of the defendant.
The Court of Appeals held that this was erroneous, and the judgment was reversed and the cause remanded for a retrial.
*484 Irrespective of the precise intent and language of the stipulation, it is obvious that there was a serious misunderstanding among counsel as to its extent. The defendant insists that the only thing he intended to do was to agree generally that the assets — whatever they might be — of the partnership had been transferred to the corporation. The plaintiff is equally vigorous in asserting that title to all the partnership assets — including the damaged automobile — was agreed to be in the corporation, and that hence it was wholly unnecessary to proffer the certificate to prove a conceded fact.
Furthermore, the plaintiff insists that there is evidence in the record showing that the defendant, too, had in fact understood the stipulation to include the automobile. On cross-examination the plaintiff’s bookkeeper was asked:
“Q. How did Peters Motor Car Company acquire this automobile? A. Well, we probably either traded for it or purchased it. I don’t know which.”
The plaintiff contends that this question hardly would have been so worded if the title were in issue.
The plaintiff observes further that the defendant did not object to parol evidence concerning the title to the automobile. The following is part of the direct examination of the president of the plaintiff corporation:
“Q. What do you say as to whether the assets of Peters Motor Co., the partnership, were assigned to the corporation; all the assets including this automobile were assigned to Peters Motors, Inc. and whatever claims Peters Motor Co. had against anybody? A. That’s right.
“Q. Including this claim? A. Including this claim.
“Q. Now did, at the time of the collision that is involved in this case, that is on June 4, 1949, did Peters Motors Co., the partnership, own the automobile that is involved in this case? A. We did.”
*485 According to the defendant’s view of the case, this parol evidence was inadmissible to prove the plaintiff’s title if it were in issue, and yet the defendant interposed no objection thereto.
In any event, a careful study of the record discloses some basis for an honest belief on the part of the plaintiff that the stipulation included the matter of title and that there was no issue with reference thereto. There is nothing whatsoever in the statute to forbid such a stiuplation, and under the particular circumstances of this case the Court of Appeals was not in error in holding that the plaintiff is entitled to a retrial with either a stipulation free from ambiguity or else with an opportunity to proffer the certificate if the title should be an issue.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Middleton, Hart, Zimmerman and Lamneck, JJ., concur.
Stewart, J., concurs in the syllabus and in the judgment.