**Howard L. COLBY, Plaintiff-Appellant,**

v.

**Jacob A. McCLASKEY, Defendant-Appellee.**

**No. 16345.**

United States Court of Appeals Sixth Circuit.

Dec. 29, 1965.

Charles J. Chastang, Columbus, Ohio, Marcus, McCroskey & Finucan, Muskegon, Mich., Edward D. Schorr, Jr., Columbus, Ohio, on brief, for appellant.

Arthur M. Sebastian, Columbus, Ohio, Sebastian, Fais & Durst, Columbus, Ohio, on brief, for appellee.

Before PHILLIPS, Circuit Judge, CECIL, Senior Circuit Judge, and KENT, District Judge.

PER CURIAM.

The plaintiff-appellant, Howard L. Colby, was severely injured in a three-car motor vehicle accident. The defendants in the trial court, the United States District Court for the Southern District of Ohio, Eastern Division, were Jacob A. McClaskey, defendant-appellant herein, and George V. Long and Sons. The plaintiff was a passenger in an automobile driven by his stepson, Ronald De-Marrow.

The automobile in which the plaintiff was riding was being driven north on U. S. Route 23 in Delaware County, Ohio, on the night of December 17, 1956. The defendant Long and Sons was the owner

of a truck which was stopped without lights and without warning fuses or lanterns in the east traffic lane of U. S. Route 23. The driver of plaintiff's car, driving in the easterly lane of traffic, collided with the Long truck. The defendant McClaskey, also proceeding in a northerly direction on the easterly lane of the highway, collided with the rear of the car in which plaintiff was riding.

The plaintiff sued the two defendants as concurrent tortfeasors and prayed for judgment against them jointly and severally. The jury returned a verdict against the defendant Long and Sons only. The trial judge instructed the jury that the drivers of all three motor vehicles were negligent. He further instructed the jury that the proximate cause of the plaintiff's injuries was a question of fact to be determined by the jury. Forms of verdict were submitted to the jury by which findings could be made against both defendants or either one of them.

The essence of the plaintiff's claim on this appeal is that the trial judge erred in instructing the jury on proximate cause and in submitting a form of verdict by which the jury could find against the defendants separately.

 This cause was before this Court on a former appeal. (Colby v. Long, 6 Cir., 289 F.2d 137.) We held on that appeal that the issue of proximate cause was a question of fact to be submitted to the jury for its determination. This was the law of the case and the trial judge was correct in submitting the issue of proximate cause to the jury. There was evidence from which the jury could find as it did that the negligence of the defendant McClaskey did not contribute to the proximate cause of the plaintiff's injuries. It was therefore proper to submit forms of verdict by which the jury could find against either or both defendants. Price v. McCoy Sales & Service, Inc., 2 Ohio St.2d 131, 207 N.E.2d 236.

Judgment of the District Court is affirmed.