210

(No. 1421—Decided May 17, 1971.)

*Messrs. Bruewer, Moser & Masana* and *Messrs. Wilke & Goering,* for appellee.
*Messrs. Baden, Jones & Scheper,* for appellant.

Shannon, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Butler County.

Plaintiff below was operating his pickup truck on a state highway, described as a two lane roadway some eighteen feet in width, shortly after 5 P. M. February 13, 1968. When the motor stalled, plaintiff coasted to a stop with the right wheels resting on the berm. He got out of the truck and walked to the front of it, conversed with a passing driver about sending assistance, waved another motorist on, and opened the hood of his vehicle. A cloud of steam erupted, obscuring his vision to the rear. While peering inside the engine compartment, plaintiff heard the sound of another vehicle approaching and slammed the hood down. The approaching vehicle was a pickup truck operated by defendant. Defendant had observed the cloud of steam, which he thought was smoke from burning trash, and slowed down as he drove into it. Thereupon, he struck the rear of plaintiff's truck, moving it forward so as to

strike plaintiff then standing in the roadway at its front. Plaintiff suffered extensive personal injuries and filed suit to recover damages for such, together with compensation for the damage to his truck. The case was tried before a jury and it is from the judgment rendered upon the verdict for plaintiff that defendant takes this appeal.

The several assignments of error are bottomed upon the assertion that plaintiff was negligent as a matter of law and that reasonable minds could conclude only that such negligence proximately contributed to his injuries.

First, we must inquire into what the duty of plaintiff was when his disabled truck came to a stop on a traveled portion of the highway.

R. C. 4513.28, captioned "display of warning devices on disabled vehicles," is applicable and provides, in paragraph (D):

"Whenever any vehicle * * * of a type referred to * * * is disabled upon the traveled portion of a highway or the shoulder thereof, outside of any municipality * * * at any time * * * when the display of fusees, flares, red reflectors, or electric lanterns is not required, the operator of such vehicle * * * shall display two red flags upon the roadway in the lane of traffic occupied by the disabled vehicle * * * one at a distance of forty paces or approximately one hundred feet in advance of the vehicle * * * and one at a distance of forty paces or approximately one hundred feet to the rear of the vehicle * * *."

Uncontrovertedly, the truck here came to a stop some one hundred twenty-three yards beyond a curve. Therefore, R. C. 4513.28 (F) pertains. It reads, in part:

"In the event the vehicle * * * is disabled near a curve, the * * * flag * * * in that direction shall be placed as to afford ample warning to other users of the highway, but in no case shall it be placed less than forty paces or approximately one hundred feet nor more than one hundred twenty paces or approximately three hundred feet from the disabled vehicle * * *."

In considering G. C. 6307-100, the predecessor of the above quoted statute, the Supreme Court in the case of

*Bush* v. *Harvey Transfer Co.*, 146 Ohio St. 657, said, in its syllabus:

"1. Negligence per se consists of the active violation of a standard of care established by a safety legislative enactment adopted for the protection of the public, specifically describing the conduct required of one amenable thereto."

This pronouncement was accepted as controlling Ohio Law by the United States Court of Appeals, Sixth Circuit, when it decided *Colby* v. *Long*, 289 F. 2d 137.

Plaintiff contends in argument and, indeed, testified upon trial that his failure to display any kind of flag, flare or other signal device upon the highway was due to a lack of time.

A reading of R. C. 4513.28 in its entirety reveals the use of the word "immediately" in its provisions for placement of fusees and lanterns. Clearly, the legislative intent is that the warning devices be set out as the first act of an operator of a vehicle disabled upon the traveled portion of a highway. In the case at bar, not only were no devices set out, but the plaintiff, after alighting from his truck, held two conversations, opened the hood of the vehicle, examined the engine compartment, and, as is apparent from the fact that he was standing to the front of it when struck, made no movement to place a flag or flare to the rear of the truck. Plaintiff's protest that he had no opportunity to comply with the mandatory requirements of the statute is, obviously, groundless.

Concluding, as we have, that plaintiff's violation of R. C. 4513.28 constituted negligence per se, we must inquire whether such proximately contributed to his injury.

The Court of Appeals for Franklin County ruled upon the question of the degree of care required of a pedestrian upon a highway in *DiFederico* v. *Reed*, 21 Ohio App. 2d 137, paragraph three of the syllabus of which states:

"A pedestrian walking along or on a highway must exercise reasonable care for his own safety considering conditions on the highway at the time."

In the case at bar, plaintiff stood on the highway in front of his disabled truck, which was emitting a cloud of

steam of such density and volume as to prevent sight to the rear of it and to obscure it from an approaching motorist, without placing devices to warn others of its presence. Is such conduct that which an ordinarily prudent man, under the same or similar circumstances, would have exercised?

Generally, such question is left to the jury for determination. In deciding *Smith* v. *Zone Cabs*, 135 Ohio St. 415, the Supreme Court observed at page 419: "Unless the state of the record is such that different minds cannot reasonably differ in the conclusion to be drawn therefrom, the question is essentially one for the jury."

Recognizing that negligence per se and proximate cause are two separate and distinct issues and that plaintiff's violation of R. C. 4513.28, standing alone, would not preclude his recovery, we must consider whether his total conduct was such that different minds could only conclude that it constituted a breach of care proximately contributing to injury.

We conclude that plaintiff's behavior from the time he stopped his truck until he was struck by it showed negligence, both as a matter of law and because he breached the duty to exercise ordinary care for his own safety, which proximately contributed to his injuries, both to person and property.

In our opinion, based upon a consideration of the entire case, reasonable minds could only conclude that plaintiff would not have suffered personal hurt if he had not acted in disregard of his own safety.

There was, then, in our estimate, no issue to submit to the jury. The motion for a directed verdict made by defendant at the close of plaintiff's case and renewed after the submission of all the evidence should have been granted and the overruling thereof constitutes error.

The judgment of the Court of Common Pleas for Butler County, is reversed and final judgment rendered for defendant.

*Judgment reversed.*

HESS, P. J., and YOUNG, J., concur.