[Civ. No. 20437. Third Dist. Aug. 20, 1981.]

500 MOTORS, INC., Petitioner, v.
THE SUPERIOR COURT OF SHASTA COUNTY, Respondent;
STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, Real Party in Interest.

**COUNSEL**

Memering & DeMers, Jerome M. Varanini and Russell J. Callison for Petitioner.

No appearance for Respondent.

Ronald F. Burns for Real Party in Interest.

**OPINION**

**REYNOSO, J.**—The sole issue we are asked to determine is whether petitioner has sufficient minimum contacts with California to justify the

assertion of jurisdiction over it by a California trial court. We conclude that the undisputed facts do not show such contacts. Accordingly, we issue a peremptory writ of mandate directing the respondent superior court to grant the motion to quash the service of summons requested by petitioner 500 Motors, Inc., an Oregon corporation.

I

The facts, we have noted, are not in dispute.[1] We deal with an underlying personal injury subrogation action brought by real party in interest, State Farm Mutual Automobile Insurance Company. Petitioner does no business in California. On October 8, 1977, it sold a 1968 Oldsmobile automobile to Danny and Arlleta Baker, each Oregon residents. Shortly after the sale of the automobile to the Bakers petitioner submitted the documents of title to the Oregon Department of Transportation. The certificate of title to the Bakers was issued by that department on November 15, 1977. In the meantime, Danny Baker drove the vehicle into California where he was involved in a collision in Shasta County on October 27, 1977.

The collision is alleged in the personal injury subrogation action to have been the result of the negligence of Danny Baker. As the result of the accident State Farm paid to its insureds, Robert Berlage and James L. Gilbert, the total sum of $28,000. State Farm obtained a release and trust agreement from its insureds and brought the underlying action in subrogation seeking to recover the $28,000 paid to its insureds. The basis for the claim against petitioner is the California permissive user statute, Vehicle Code section 17150, which provides: "Every owner of a motor vehicle is liable and responsible for death or injury to person or property resulting from a negligent or wrongful act or omission in the operation of the motor vehicle, in the business of the owner or otherwise, by any person using or operating the same with the permission, express or implied, of the owner."

Petitioner moved the trial court to quash the service of summons against it. The basis for jurisdiction upon which State Farm bases its claim that jurisdiction is appropriate is the alleged ownership of the ve-

---

[1]Real party in interest made the oral argument that there had been no opportunity for discovery; such an opportunity, it was argued, could furnish the basis for a factual dispute. We are persuaded that investigation (not formal discovery) is all that is needed to find the public documents pertinent to the issues at bar.

hicle. California has chosen to provide the broadest possible form of jurisdiction to its courts: "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." (Code Civ. Proc., § 410.10.) ▆ Ownership, possession or use of personal property within this state is a valid basis for the assertion of jurisdiction by the courts of this state where the cause of action arises due to the presence of the personal property within this state. (See 1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 97, p. 622; Rest.2d Conf. of Laws, § 38(2), com.c.) However, the assertion of jurisdiction on the basis of mere ownership, in contrast to use or possession, is improper where the property was brought into the state without the owners' knowledge or consent; only when the owner has learned of its presence and has had an opportunity to reclaim it may jurisdiction lie. (Witkin, *supra*, § 97, pp. 622-623; Rest.2d, *supra*, § 38, com.c.)

## II

▆ In support of its motion to quash the service of summons petitioner established two valid reasons for quashing service. First, it had divested itself of ownership of the vehicle prior to the accident in question. Second, it is clear from the facts in the record that the vehicle was brought into California without petitioner's knowledge or permission; thus, even if it could be said that petitioner retained some technical ownership of the vehicle it would be improper to assert jurisdiction over it. We discuss below the first reason which we consider dispositive.

State Farm contends that the Vehicle Code provides a basis for jurisdiction peculiar to motor vehicles. Vehicle Code section 17451 provides: "The acceptance by a nonresident of the rights and privileges conferred upon him by this code or any operation by himself or agent of a motor vehicle anywhere within this state, or in the event the nonresident is the owner of a motor vehicle then by the operation of the vehicle anywhere within this state by any person with his express or implied permission, is equivalent to an appointment by the nonresident of the director or his successor in office to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against the nonresident operator or nonresident owner growing out of any accident or collision resulting from the operation of any motor vehicle anywhere within this state by himself or agent, which appointment shall also be irrevocable and binding upon his executor or administrator."

An "owner" of a motor vehicle is defined in the Vehicle Code in section 460, as "[A] person having all the incidents of ownership, including the legal title of a vehicle whether or not such person lends, rents, or creates a security interest in the vehicle; the person entitled to the possession of a vehicle as the purchaser under a security agreement; or the State, or any county, city, district, or political subdivision of the State, or the United States, when entitled to the possession and use of a vehicle under a lease, lease-sale, or rental-purchase agreement for a period of 30 consecutive days or more." The quoted definition does not include petitioner as an owner of the vehicle in question at the time of the accident; petitioner did not have the requisite incidents of ownership. Section 17451, therefore, does not apply to petitioner.

State Farm argues that petitioner did not comply with the provisions of the California Vehicle Code for divesting itself of its ownership interest and thus must be considered the owner. Specifically, it points to Vehicle Code section 5602, which provides that an owner who has made a bona fide sale or transfer of a vehicle and has delivered possession shall not by reason of any of the provisions of the Vehicle Code be deemed the owner of the vehicle so as to be subject to civil liability for the operation of the vehicle by another, but only if the prescribed procedure is followed.[2]

State Farm errs in arguing that the provisions of the California Vehicle Code can be applied to petitioner. Petitioner is an Oregon resident which sold an automobile registered in Oregon to another Oregon resident. By their own terms the California Vehicle Code provisions regarding registration do not apply to such transactions. (See Veh. Code, § 5600 et seq.) The full faith and credit clause of the United States Constitution (art. IV, § 1), requires that California give such credit to the public acts, records, and judicial proceedings of Oregon as they would have in Oregon. The registration of vehicles is a public act and record, and if petitioner complied with Oregon law in transferring the vehicle California must give effect to the transfer.

---

[2]In addition to the transfer and delivery of possession the owner must either make proper indorsement and delivery of the certificate of ownership and deliver the certificate of registration as provided for in the code; or it must deliver to the Department of Motor Vehicles or place in the United States mail, addressed to the department, either the notice as provided in section 5900 or section 5901 of the Vehicle Code, or appropriate documents for registration of the vehicle pursuant to the sale or transfer.

State Farm further argues that petitioner's declaration in which it is stated that "shortly after" the sale of the vehicle it forwarded the documents of title to the Oregon Department of Transportation is insufficient to show a transfer of ownership before the accident. To be sure such a declaration does not establish that the documents of transfer were sent to the department before the accident, but under Oregon law it is the transferee's obligation and not the seller's obligation to submit those documents. (Ore. Rev. Stats. § 481.405.) Petitioner sold the subject vehicle and signed the certificate of title prior to the date of the accident and that was sufficient under Oregon law to divest itself of ownership of the automobile.

Finally, we note that under Oregon law the record of registration and license as it appears in the records of the division is only prima facie evidence of ownership and right to possession. (Ore. Rev. Stat. § 481.117.) That evidence may be rebutted. (See *Dicillo* v. *Osborn* (1955) 204 Ore. 171 [282 P.2d 611, 618].) An entirely intrastate transfer of a vehicle in Oregon is governed by Oregon law, and California must also give full faith and credit to that law, establishing the effect of the record of registration and license. (*Colby* v. *Long* (6th Cir. 1961) 289 F.2d 137, 141.) Petitioner presented clear and undisputed evidence that it in fact transferred ownership of the vehicle prior to the accident.

We conclude that petitioner cannot be held to have been the owner of the accident vehicle at the time of the accident and thus the claim that ownership of the accident vehicle provides a basis for personal jurisdiction within this state must fail. The mere sale of a vehicle in one state which subsequently is involved in an accident in another state has been held insufficient to support jurisdiction over the seller in the second state in a products liability action. (*World-Wide Volkswagen Corp.* v. *Woodson* (1980) 444 U.S. 286, 295 [62 L.Ed.2d 490, 500, 100 S.Ct. 559].) Manifestly, it is insufficient when the cause of action is based upon the negligence of the driver of the transferred vehicle. No other basis for the assertion of personal jurisdiction over petitioner in a California court is asserted and none appears. Accordingly, the trial court erred in refusing to quash the service of summons.

Let a peremptory writ of mandate issue directing the respondent Superior Court of Shasta County to set aside its order denying petitioner's motion to quash the service of summons in the personal injury subrogation action brought against it by State Farm Mutual Automobile Insurance Company, and to enter a new order granting said

motion and quashing the service of summons therein. (Code Civ. Proc., § 418.10, subd. (c).) State Farm Mutual Automobile Insurance Company shall pay costs.

Puglia, P. J., and Blease, J., concurred.